# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| AtriCure, Inc., a Delaware corporation, | |
| Plaintiff, | Case No. 1:19-cv-00054-MRB |
| v. | Honorable Michael R. Barrett |
| Dr. Jian "Larry" Meng, an individual; Dr. Guanglu Bai, an individual; and Beijing Medical Scientific Co. Ltd., *d/b/a* Med-Zenith, a China company, | **JOINT DISCOVERY PLAN** (RULE 26(f) REPORT) (REQUIRED FORM) |
| Defendants. | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on <u>June 11 and June 19, 2019</u>.

**A.   MAGISTRATE CONSENT**

The Parties:

☐   unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

·   do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐   unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

B. **RULE 26(a) DISCLOSURES**

- ☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

- · The parties will exchange such disclosures by:

    **Plaintiff** requests 14 days from the date of the parties' Rule 26 conference;

    **Defendants** request a date 30 days after the Court's ruling on Defendants' pending Motion to Dismiss (Dkt. 21).

- ☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE: Rule 26(a) disclosures are <u>not</u> to be filed with the Court.

C. **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of <u>All issues relevant to the claims asserted by Plaintiff in the Complaint and Motion for Preliminary Injunction.</u>

2. The parties recommend that discovery

    - · need not be bifurcated

    - ☐ should be bifurcated between liability and damages

    - ☐ should be bifurcated between factual and expert

    - ☐ should be limited in some fashion or focused upon particular issues which relate to _____

**Scheduling**

The parties have differing interpretations of the Court's direction at our last telephone conference on June 13, 2019. Defendants' counsel recall the Court stating it was not requiring any discovery at this point, but wanted to avoid significant delay obtaining a scheduling order once the pending threshold motion is decided. Therefore, Defendants' counsel proposed "dates" to run from what local counsel referred to on the call as "ground zero," namely the date of the Court decision if it denies the pending motion to dismiss for lack of personal jurisdiction and forum non conveniens. Plaintiff's counsel, on the other

hand, stated they believe the Court instructed the lawyers to provide specific dates in the Rule 26(f) report, even though the jurisdictional motion remains pending.

The actual timelines proposed by each party are similar, although from a different starting point. The respective proposed final timelines for dispositive motions are virtually identical: (Plaintiff) February 12, 2020 (approximately 230 days from today's date); and (Defendants) 240 days from ground zero.

Defendants propose that within three business days after the Court decision (should it deny the motions), they will convert their proposed deadlines to the actual, specific dates running from the "ground zero" decision date in order to ensure that these projected dates do not fall on a weekend or holiday.

3. Disclosure and report of Plaintiff(s) expert(s) by: **Plaintiff** proposes September 8, 2019; **Defendants** propose 120 days after the Court's ruling on Defendants' pending Motion to Dismiss.

4. Disclosure and report of Defendant(s) expert(s) by: **Plaintiff** proposes October 12, 2019; **Defendants** propose 180 days after the Court's ruling on Defendants' pending Motion to Dismiss .Disclosure and report of rebuttal expert(s) by: **Plaintiff** proposes November 12, 2019; **Defendants** propose 240 days after the Court's ruling on Defendants' pending Motion to Dismiss.

5. Disclosure of non-expert (fact) witnesses: **Plaintiff** proposes October 1, 2019; **Defendants** propose 120 days after the Court's ruling on Defendants' pending Motion to Dismiss.

6. Discovery cutoff: **Plaintiff** proposes December 19, 2019; **Defendants** propose 240 days after the Court's ruling on Defendants' pending Motion to Dismiss.

7. Anticipated discovery problems.

· **Plaintiff**: The case involves relevant people, parties, documents, and potential witnesses from multiple countries. This may lead to difficulty in service of all parties, scheduling depositions, as well as requiring translation at depositions. These issues may cause delay overall in discovery as well as extra time required during depositions.

**Defendants**: We anticipate additional extensive difficulties obtaining foreign discovery under Chinese law, including the bar against foreign depositions, the need to follow Hague Evidence Convention procedures for third-party discovery; Chinese blocking statutes on state secrets, trade secrets, privacy etc. In addition, the vast majority of documents and

<u>testimony will be in Chinese, requiring translation of most of the relevant evidence. These issues will likely cause severe delays in discovery throughout.</u>

☐ None

8. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

**Plaintiff**: <u>Plaintiff will require discovery concerning all the communications, books, records, design documents, sales and marketing information, and any other documents related to Defendants' alleged knock off products in order to make any settlement evaluation. It will further need expert discovery as well as depositions of Defendants and their relevant agents, associates, employees, and third-parties in order to prepare the case for dispositive motions and trial.</u>

**Defendants**: <u>Defendants will require discovery concerning Plaintiff's communications, records, and design documents for all of its products that treat atrial fibrillation. They will need depositions of Plaintiffs' relevant agents, associates, employees, and third-parties, as well as expert discovery. Defendants will also require discovery from Plaintiff regarding its relationship with ZenoMed, its Distribution Agreement, and Plaintiff's sales and marketing of products that treat atrial fibrillation. Defendants may also require discovery from third parties regarding Chinese patents, sales, and marketing of products that treat atrial fibrillation. Defendants may also require discovery from Chinese authorities regarding Defendants' patents.</u>

     9.     Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

    _____ Yes

    X\_\_\_\_\_ No

    i.     The parties have electronically stored information in the following formats:

**Plaintiff**: word, PDF, TIFF, JPEG, Excel, Outlook .msg, text messages, PPT, WeChat messages.

**Defendants**: Microsoft Word, PDF, TIFF, JPEG, Excel, Outlook .msg, PPT, WeChat messages.

    ii.     The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

**Joint**: Documents are likely to be in multiple languages including both English, Mandarin Chinese, and Cantonese Chinese, which may cause the need for translation.

**Defendant**s: In addition, under Chinese law, discovery of most, if not all, third-party documents and witnesses may have to be sought under the Hague Evidence Convention. Moreover, all depositions of Chinese individuals will have to occur outside the territorial borders of the People's Republic of China. Other statutes under Chinese law will restrict the production of documents (State secrets, trade secrets, privacy, etc.). It is likely that

many documents will have to be reviewed in China, but will not be permitted to be copied or otherwise leave that country.

10. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

\_\_\_\_\_ Yes

X\_\_\_\_\_ No

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

**Plaintiff**: No specific unique issues related to privilege have been identified at this time.

**Defendants**: This case concerns numerous complex privacy laws and general discovery laws in China.

ii Have the parties agreed on a procedure to assert such claims AFTER production?

X\_\_\_\_\_ No

\_\_\_\_\_ Yes

\_\_\_\_\_ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

**D.    LIMITATIONS ON DISCOVERY**

1. Changes in the limitations on discovery

-6-

  ☐ Extension of time limitations (currently one day of seven hours) in taking of depositions to ___.

  ☐ Extension of number of depositions (currently 10) permitted to _____.

  ☐ Extension of number of interrogatories (currently 25) to _____.

  ☐Other: _____.

  · None. **Defendants**: Neither Plaintiff nor Defendants are currently in a position to respond to this question. But, Defendants believe that the time limitations and number of depositions may need to be expanded.

**E.** **PROTECTIVE ORDER**

  · A protective order will likely be submitted to the court on or before:

  **The Parties** propose 30 days after the Court's ruling on Defendants' pending Motion to Dismiss.

  ☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996).

**F.** **SETTLEMENT**

A settlement demand _____ has X_____ has not been made.

A response _____ has X_____ has not been made.

A demand can be made by 14 days before trial.

A response can be made by 14 days from receipt of demand.

**G.    MOTION DEADLINES**

    1.    Motion to amend the pleadings and/or add parties by: **Plaintiff** proposes January 15, 2020; **Defendants** propose 180 days after the Court's ruling on Defendants' pending Motion to Dismiss.

    2.    Motions relative to the pleadings by: Plaintiff proposes January 30, 2020; Defendants propose 210 days after the Court's ruling on Defendants' pending Motion to Dismiss.

    3.    Dispositive motions by: Plaintiff proposes February 12, 2020; Defendants propose 240 days after the Court's ruling on Defendants' pending Motion to Dismiss.

**H.    OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

**Plaintiff:** Defendant Bai has not yet been served. It is anticipated it will be difficult to serve him as he is a resident of the People's Republic of China. The Parties intend to move forward in the litigation related to the served parties who have appeared regardless of the state of service on Dr. Bai. Plaintiffs believe any potential dismissal of Dr. Bai should await any demonstration that he is prejudiced by late joinder. Until such time, Plaintiffs retain their options to serve Dr. Bai by all available means including the Hague Convention as well as personal service within or outside of China.

**Defendants**: Dr. Bai has not been properly served and should be dismissed from this case. The many legal, language and logistical issues arising from discovery in China will likely require extensions of some, if not all, of the above time projections. They will also likely require extensive Court oversight of discovery to resolve the many issues.

**Preliminary Injunction Schedule**

Plaintiff has proposed that Defendants file their answer to the motion by August 15, 2019. Plaintiff would file its reply on September 5, 2019, with a preliminary injunction hearing on September 19, 2019. These dates were submitted via proposed order with Plaintiff's Motion for Preliminary Injunction. Plaintiff requested on the Rule 26 call on June 19 that Defendants supply proposed dates for the preliminary injunction hearing and briefing. After some discussion, Defendants made it clear they would not supply any proposed dates for the preliminary injunction hearing or briefing for the reasons they note below. Plaintiff objects to Defendants' now disclosed request for consolidation, which they have never made by motion or on the previous preliminary injunction scheduling call with the Court on June Plaintiff submits the request is improper and made for purposes of delay.

Defendants have made every reasonable effort to comply with the Court's instructions without giving the Court or the Plaintiff any reason to believe they intend to defend the suit in the current jurisdiction. Defendants did not initially provide a specific response to Plaintiff's proposed preliminary injunction schedule in light of their pending motions but do so now at the Court's direction and with the understanding that they do not waive their jurisdictional objections. If this case were to proceed in this jurisdiction, then Defendants would submit that because this case is complex factually, legally and logistically due to the issues of foreign discovery in China and the application of Chinese law, Plaintiff's proposed schedule is untenable. Moreover, there is no demonstrable urgency for such a schedule. Instead, we submit that the preliminary injunction hearing should be consolidated

with the trial on the merits for judicial economy and efficiency. The same witnesses to establish permanent injunctive relief will likely be required for the preliminary injunctive relief when there is no discernable urgency for the short, interim extraordinary relief. We have agreed to an expedited schedule set forth in the Rule 26(f) report, in which we have called for dispositive motions 240 days from the ground zero date.

Respectfully submitted this 21st of June, 2019.

| **DLA PIPER LLP (US)** | **SEBALY SHILLITO & DYER** |
|---|---|
| By: s/ *Cameron A. Fine*<br>Richard A. Chesley (Bar No. 0029442)<br>richard.chesley@dlapiper.com<br>444 West Lake Street<br>Chicago, Illinois 60606-0089<br>Tel:     312.368.4000<br>Fax:     312.236.7516<br><br>Mark A. Nadeau (*pro hac vice*)<br>mark.nadeau@dlapiper.com<br>Cameron A. Fine (*pro hac vice*)<br>cameron.fine@dlapiper.com<br>2525 East Camelback Road Suite 1000<br>Phoenix, Arizona 85016-4232<br>Tel:     480.606.5100<br>Fax:     480.606.5101<br><br>*Attorneys for Plaintiff*<br>*AtriCure, Inc.* | By: s/ *Mark R. Hellerer (w/permission)*<br>Daniel J. Donnellon (Bar No. 0036725)<br>ddonnellon@ssdlaw.com<br>James A. Dyer (Bar No. 0006824)<br>jdyer@ssdlaw.com<br>1900 Kettering Tower<br>40 North Main Street<br>Dayton, Ohio 45423<br>Tel:     937.222.2500<br>Fax:     937.222.6554<br><br>Mark R. Hellerer (*pro hac vice*)<br>mark.hellerer@pillsburylaw.com<br>Geoffrey R. Sant (*pro hac vice*)<br>geoffrey.sant@pillsburylaw.com<br>Brian L. Beckerman (*pro hac vice*)<br>brian.beckerman@pillsburylaw.com<br>PILLSBURY WINTHROP SHAW PITTMAN<br>31 West 52nd Street<br>New York NY 10019-6131<br>Tel:     212.858.1000<br>Fax:     212.858.1500<br><br>*Attorneys for Defendants Dr. Jian "Larry" Meng and Beijing Medical Scientific Co. Ltd., d/b/a Med-Zenith* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, a true and correct copy of Joint Discovery Plan was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. A copy of the same will be served by email on:

Daniel J. Donnellon
James A. Dyer
Sebaly Shillito & Dyer
9100 West Chester Towne Centre Drive
Suite 210
West Chester, OH 45069
513.644.8125
513.322.4390 (fax)
ddonnellon@ssdlaw.com
jdyer@ssdlaw.com

Mark Hellerer
Geoffrey Sant
Brian Beckerman
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019
212.855.1000
212.858.1500 (fax)
mark.hellerer@pillsburylaw.com
geoffrey.sant@pillsburylaw.com
brian.beckerman@pillsburylaw.com

s/ *Tammy Lockard*