UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AtriCure, Inc.,

    Plaintiff,

v.

Dr. Jian Meng, et al.,

    Defendants.

Case No. 1:19-cv-00054

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court upon Defendants'—Dr. Jian Meng ("Meng") and Beijing Medical Scientific Co. Ltd ("Med-Zenith")—Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Under *Forum Non Conveniens*.[1] (Docs. 21, 22). AtriCure has filed a Response (Doc. 32) and Defendants filed a Reply (Doc. 33).

## **I. BACKGROUND**[2]

Plaintiff AtriCure is an Ohio-based medical device company that develops and sells surgical ablation systems used for the treatment of atrial fibrillation. (Doc. 1, ¶ 1). Defendant Meng is a citizen of the People's Republic of China and resides in Beijing. (Doc. 1, ¶ 8). Meng is the Founder of ZenoMed, a Chinese company that distributes

---

[1] Although Defendants request oral argument in the caption of their Motion, they do not state the grounds for that request. (Doc. 22); *see* S.D. Ohio Civ. R. 7.1(b)(2). Oral argument is not essential to the fair resolution of this matter and Defendants' request is DENIED. *See id.*

[2] The facts are construed in the light most favorable to AtriCure, the non-moving party. *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The Court will not weigh the disputed facts, although it may consider Defendants' undisputed factual assertions. *See Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). "This refusal to weigh [defendants'] controverting assertions is necessary to prevent non-resident defendants from avoiding jurisdiction simply by filing an affidavit that denies all jurisdictional facts." *Bracken v. DASCO Home Med. Equip., Inc.*, 954 F. Supp. 2d 686, 691 (S.D. Ohio 2013) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)).

cardiovascular devices, and President of Defendant Med-Zenith. (Doc. 22 at PageID 177-78); (Doc. 32-1, Exhibit A, ¶ 6). Defendant Dr. Guanglu Bai ("Bai")[3] is a Chinese citizen residing in Beijing and the former Director of Research and Development of non-defendant ZenoMed. (Doc. 1, ¶¶ 4, 8). Med-Zenith is a Chinese company, with its principal office in Beijing, which develops, manufactures, and sells medical equipment. (Doc. 1, ¶ 10); (Doc. 22 at PageID 177).

In 2005, Meng contacted AtriCure to develop a partnership wherein Meng would, through one of his entities, secure certain distribution and marketing rights for AtriCure's medical devices in China and serve as AtriCure's exclusive distributor in China. (Doc. 32-1, Exhibit A, ¶ 31); *see* (Doc. 32-1, Exhibit 7, PageID 359-79 ("Exclusive Distribution Agreement for AtriCure, Inc. Products")). "From 2005 to 2017, ZenoMed and AtriCure entered into a series of agreements regarding ZenoMed's acting as a distributor for AtriCure products in" China. (Doc. 22 at PageID 178) (citing (Doc. 22-1, ¶ 10)). For example, AtriCure and ZenoMed entered into a 2016 Distribution Agreement, in which ZenoMed was to secure regulatory approvals in China for AtriCure's medical products and act as exclusive distributor for certain AtriCure products in China. (Doc. 1, ¶¶2, 20-23); (Doc. 1-2).

Meng visited AtriCure's Ohio facilities twice, each time for one day, to discuss training and marketing for the distribution of AtriCure's products in China. (Doc. 22-1, ¶ 11). Meng and his related entities have engaged in numerous telecommunications and emails with AtriCure's Ohio employees. (Doc. 32-1, Exhibit A, ¶ 35). Meng was the main

---

[3] Bai has not been served as of the date of this Order.

negotiator and contact point on the business relationship between Meng, his entities, and AtriCure. *Id.*

AtriCure brings eight causes of action against the three Defendants: tortious interference, misappropriation of trade secrets, unfair competition, deceptive trade practices, fraud, negligent misrepresentation, aiding and abetting, and civil conspiracy. (Doc. 1). AtriCure alleges that Meng and Bai used their roles as partners with AtiCure through ZenoMed—beginning over a decade before but including the 2016 Distribution Agreement—to acquire AtriCure's confidential information and intellectual property. (Doc. 1, ¶ 39). AtriCure asserts that Meng and Bai subsequently provided that information to Med-Zenith, which is creating facially identical counterfeit versions of AtriCure's products and seeking patent approval and licensing to compete with AtriCure in China. (Doc. 1, ¶¶ 38-40).

## II. PERSONAL JURISDICTION

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may seek dismissal if the court lacks personal jurisdiction over that defendant. "The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). In the face of a supported motion to dismiss, the plaintiff may not rest on his pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)).

3

When a court considers a motion to dismiss pursuant to Rule 12(b)(2) without an evidentiary hearing, as here,[4] the plaintiff's burden is "relatively slight." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)). Likewise, when a court considers a motion to dismiss pursuant to Rule 12(b)(2) without an evidentiary hearing, the plaintiff "'need only make a prima facie showing of jurisdiction.'" *Bird*, 289 F.3d at 871 (quoting *Neogen*, 282 F.3d at 887) (internal citation omitted). A plaintiff can make prima facie showing of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between [the defendants] and the forum state to support jurisdiction." *Neogen,* 282 F.3d at 887 (citing *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

"To determine whether personal jurisdiction exists over a defendant, federal courts apply the law of the forum state." *CompuServe*, 89 F.3d at 1262. "Under Ohio law, personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn*, 667 F.3d at 712 (citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 930 N.E.2d 784, 790 (2010); *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541, 543 (1994)).

---

[4] Defendants requested oral argument. Defendants did not request jurisdictional discovery or an evidentiary hearing. *Cf. Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) ("Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions.").

## a. Waiver

AtriCure asserts that Defendants waived personal jurisdiction by entering a general appearance with the court. (Doc. 32 at PageID 288-89) (citing *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011) ("Defendants' filing of a general appearance with the district court constituted a voluntary acceptance of the district court's jurisdiction, and therefore, a waiver of Defendants' personal jurisdiction defense.")).

The Sixth Circuit has explained that, rather than establishing a steadfast rule that an attorney's entry of a general appearance on a defendant's behalf constitutes waiver of personal jurisdiction, the *Gerber* rule asks "whether a defendant's conduct prior to raising the defense [of personal jurisdiction] has given the plaintiff 'a reasonable expectation' that the defendant will defend the suit on the merits or whether the defendant has caused the court to 'go to some effort that would be wasted if personal jurisdiction is later found lacking.'" *King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012) (citing *Gerber*, 649 F.3d at 519); *see Cnty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002) ("In order to object to a court's exercise of personal jurisdiction, it is no longer necessary to enter a 'special appearance.'").

Unlike the defendants in *Gerber*, who waited three years before raising the defense of personal jurisdiction, Defendants in this case filed a Notice with the Court of their declination to comply with discovery requests and conferences to protect their personal jurisdiction defense (Doc. 24). Based on the record before it, the Court finds that Defendants have neither given AtriCure a reasonable expectation that they would defend this case on the merits nor caused the Court to expend unnecessary efforts or resources.

*See King*, 694 F.3d at 659; *Gerber*, 649 F.3d at 519. Defendants did not waive their defense of personal jurisdiction.

### b. Ohio Long-Arm Statute

Under Ohio's long-arm statute, "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state." Ohio Rev. Code § 2307.382(A)(1). The term "transacting any business" has been given broad interpretation. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 559 N.E.2d 477, 481 (Ohio 1990); *see Brunner v. Hampson*, 441 F.3d 457, 464 (6th Cir. 2006). "The word 'transact' used in the long-arm statute is broader than the term 'contract' and embraces in its meaning 'to carry on business' and 'to have dealings.'" *Franklin Prods., Inc. v. Gen. Nutrition Corp.*, No. 2:05-CV-1061, 2007 WL 2462665, at *4 (S.D. Ohio Aug. 27, 2007) (quoting *Mustang Tractor & Equip. Co. v. Sound Envt'l Serv., Inc.*, 727 N.E.2d 977, 981 (Ohio Com. Pl. 1999)).

"[M]ere solicitation of business does not constitute transacting business in Ohio for purposes of establishing jurisdiction under Section 2307.382(A)(1)." *Mobile Conversions, Inc. v. Allegheny Ford Truck Sales*, No. 1:12cv369, 2012 WL 12893476, at *2 (S.D. Ohio Oct. 15, 2012). Rather, in determining what constitutes "transacting business," courts typically consider two factors: (1) whether the defendant initiated the "business dealing," and (2) whether the parties conducted their negotiations in Ohio or with terms affecting Ohio. *Thomas v. Dykstra*, 309 F. Supp. 3d 480, 484 (N.D. Ohio 2018) (citing *Shaker Constr. Grp., LLC v. Schilling*, No. 1:08cv278, 2008 WL 4346777, at *3 (S.D. Ohio Sept. 18, 2008)).

6

Here, Meng's self-described "partnership" with AtriCure is more than "mere solicitation of business." (Doc. 32-1, Exhibit A, ¶¶ 31, 35), (Doc. 32-1, Exhibit 8, PageID 383-84). Defendants' actions are similar to those of the defendants in *Kendle v. Whig Enters., LLC*, No. 2:15cv1295, 2016 WL 5661680 (S.D. Ohio Sept. 30, 2016), wherein the defendants frequently referred to the plaintiff as their business "partner" and their relationship was based on the defendants' intent to expand the plaintiff's medical sales business "regardless of which specific corporate entity might be involved." *Id.* at *3. Meng contacted AtriCure to develop a partnership "through one of his entities" beginning in 2005. (Doc. 32-1, Exhibit A, ¶ 31). Meng then contracted with AtriCure through various entities throughout a decades-long partnership. (Doc. 32-1, Exhibit A). Meng served as the primary negotiator for his entities and knew AtriCure was located in Ohio and "had numerous phone calls with AtriCure's employees in Ohio and sent countless emails to AtriCure's employees in Ohio." (Doc. 32-1, Exhibit A, ¶ 35); *see Kendle*, 2016 WL 5661680 at *4. Based on the facts before it, the Court finds that AtriCure has made a prima face showing that Defendants "transacted any business" under Section (A)(1) of Ohio's long-arm statute.

Moreover, Ohio's fiduciary shield doctrine does not protect Meng. "[T]he fiduciary shield doctrine provides that corporate employees performing acts in their corporate capacity are not subject to the personal jurisdiction of a court for such acts." *Heritage Funding & Leasing Co. v. Phee*, 120 Ohio App.3d 422, 430, 698 N.E.2d 67 (10 Dist. 1997). "However, there are exceptions to the doctrine, and a corporate agent may be held personally liable for torts committed in the corporate capacity." *Id.* (internal quotations omitted). "[W]here an out-of-state corporate officer is actively and personally involved in

7

the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; *i.e.*, whether []he purposely availed h[im]self of the forum and the reasonably foreseeable consequences of that availment.'" *Kendle*, 2016 WL 5661680 at *6 (citing *Flynn v. Greg Anthony Constr. Co.*, 95 Fed. Appx. 726, 740 (6th Cir. 2003)).

The "transacting any business prong" of Ohio's long-arm statute is coextensive with the purposeful availment prong of constitutional due process. *Ashwood Computer Co. v. Bluegrass Area Dev. Dist.*, No. 1:15-CV-618, 2016 WL 1028263, at *6 (S.D. Ohio Mar. 15, 2016). Here, AtriCure has sufficiently alleged that Meng, as an individual, availed himself of Ohio law using, in part, Med-Zenith. Therefore, though the ZenoMed Distribution Agreement itself is subject to arbitration in China, the torts alleged against Meng personally and in connection with Med-Zenith may be heard under Ohio's long-arm statute and are not barred by the fiduciary shield doctrine.

Having determined that AtriCure has sufficiently alleged facts fulfilling Ohio's long-arm statute under Section 2307.382(A)(1), the Court need not consider AtriCure's argument regarding Section 2307.382(A)(6) and will proceed to the constitutional due process portion of the jurisdictional analysis.

### c. Constitutional Due Process

To comport with due process, the defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). The Sixth Circuit has established a three-part test for determining whether personal jurisdiction under Ohio's long-arm statute

satisfies the due process requirements:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

### i. Purposeful Availment

Again, the "transacting any business prong" of Ohio's long-arm statute is coextensive with the purposeful availment prong of constitutional due process. *Ashwood Computer Co.*, 2016 WL 1028263 at *6. "Due process requires that a defendant be hailed into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Defendants argue that they did not conduct any business in Ohio in their personal capacity and their contacts with Ohio are fortuitous. (Doc. 33 at PageID 184-86). However, having found that AtriCure has satisfied the "transacting any business" standard of Ohio's long-arm statute, the Court likewise concludes that AtriCure has satisfied the "purposeful availment" prong of the constitutional standard. In particular, AtriCure has set forth a prima facie showing that the Defendants have purposefully availed themselves of the forum by creating a continuing obligation in Ohio. *See Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998). Meng solicited AtriCure, an Ohio corporation, to engage in an ongoing, decades-long business relationship. Meng utilized multiple entities to facilitate

9

this relationship. Meng called and emailed AtriCure, knowing AtriCure was located in Ohio, for the purposes of receiving Ohio-made medical devices in China. The same contacts made by Defendants to AtriCure in furtherance of their "partnership" satisfy the purposeful availment standard.

### ii. Arising Out Of

The second prong of the Sixth Circuit's constitutional due process standard requires AtriCure's cause of action to arise out of the Defendants' contacts with the state. *Miller*, 694 F.3d at 680 (quoting *S. Mach. Co.*, 401 F.2d at 381). "The Sixth Circuit has found that the requirement that contacts be the proximate cause of the asserted harm under Ohio's Long-Arm Statute is more restrictive than the 'arising from' standard applicable to the Due Process analysis." *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 164 (S.D. Ohio 2012) (citing *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 Fed. Appx 425, 430 (6th Cir. 2006)); *see Schneider v. Hardesty*, 669 F.3d 693, 703 (6th Cir. 2012) (recognizing that "arising from" is a lenient standard). Here, the operative facts relate to medical devices developed and manufactured by a company headquartered and based out of Ohio, Defendants knew that communications were being directed to AtriCure in Ohio, and Defendants reasonably could have anticipated that the harm caused by the alleged torts would cause harm in Ohio. In sum, the torts Defendants are alleged to have committed arise out of the ongoing business relationship between Defendants and AtriCure, and "[a]s the Court's long-arm statue analysis concerned the 'more restrictive' interpretation, there is no doubt the instant allegations arise from the contacts [Defendants] had in Ohio under Due Process law." *Kendle*, 2016 WL 5661680 at *7.

### iii. Reasonableness of Jurisdiction

Finally, the "substantial connection" prong requires that the acts of a defendant or the consequences caused by a defendant have a substantial enough connection to Ohio to make the exercise of jurisdiction over a defendant reasonable. *See Dayton Superior Corp.*, 288 F.R.D. at 164. Also, "according to Sixth Circuit precedent, 'where the first two criteria are satisfied, only the unusual case will not meet this third criterion.'" *Int'l Paper Co. v. Goldschmidt*, 872 F. Supp. 2d 624, 633 (S.D. Ohio 2012) (quoting *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 628 (6th Cir. 1998) (citations omitted)).

Here, Ohio has a strong interest in ensuring that foreign businesses who transact with Ohio companies do so fairly and legally. Intellectual property is particularly vulnerable when business is conducted on a global scale, and AtriCure has an interest in pursuing relief for alleged damages resulting from Meng's choice to transact business with it through his various entities over the past decade. While Meng's trips to the United States, alone, do not serve as contacts to suffice the purposeful availment prong of the due process analysis, those trips do provide evidence that travel to the United States is not unduly burdensome on Meng. Defendants fail to allege facts establishing that the exercise of jurisdiction in Ohio would impose an unreasonable burden on them.

Thus, both the Ohio long-arm statute and the Due Process Clause are satisfied. Personal jurisdiction is proper over Defendants for the torts alleged.

## III. *FORUM NON CONVENIENS*[5]

Under the doctrine of *forum non conveniens*, the Court may dismiss a case if it is convinced that the interests of justice mandate that the matter should be litigated elsewhere. "[W]hen an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). *Forum non conveniens* "generally applies when the alternative forum is in a foreign country, rather than in a different district within the federal system." *Jones v. IPX Int'l Equatorial Guinea, S.A.*, 920 F.3d 1085, 1090 (6th Cir. 2019). In determining whether dismissal under this doctrine is proper, courts examine "(1) whether an adequate alternative forum is available; (2) whether a balance of private and public interests suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court; and (3) the amount of deference to give the plaintiff's choice of forum." *Id.*

"The requirement of an available and adequate alternative forum is ordinarily 'satisfied when the defendant is amenable to process in the other jurisdiction.'" *DRFP L.L.C. v. Republica Bolivariana de Venezuela*, 622 F.3d 513, 519 (6th Cir. 2010) (quoting *Piper Aircraft*, 454 U.S. at 254 n.22); *see Zheng v. Soufun Holdings, Ltd.*, No. 1:15-CV-

---

[5] The parties filed competing declarations by legal experts. *Compare* Doc. 22-2, *with* Doc. 32-16.

1690, 2016 WL 1626951, at *3 (N.D. Ohio Apr. 25, 2016), *aff'd sub nom. Xiaoguang Zheng v. Soufun Holdings Ltd.*, No. 16-3940, 2017 WL 3708628 (6th Cir. May 18, 2017).

Here, Defendants have not shown that they are amenable to process in China. Although Defendants' expert explains how service of process could proceed under Chinese law (Doc. 22-2, ¶¶ 43-47), Defendants do not state that they agree to service of process in China or will submit to the jurisdiction of a Chinese court (Doc. 22 at PageID 187-89); (Doc. 33 at PageID 1019-22). Without any evidence that Defendants are actually amenable to process in China, the Court is not convinced that Defendants have established that China is an available, adequate alternative forum for this matter. *See Rustal Trading US, Inc. v. Makki*, 17 Fed. Appx 331, 335 (6th Cir. 2001) ("A defendant moving for dismissal on forum non conveniens grounds must first demonstrate the availability of an adequate alternative forum."). Defendants' failure to establish an available alternative forum necessarily ends the Court's inquiry and the Court denies Defendants' request for dismissal under *forum non conveniens*.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Under *Forum Non Conveniens* (Doc. 21) is hereby **DENIED**.

**IT IS SO ORDERED.**

_s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court