UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AtriCure, Inc.,

    Plaintiff,

v.

Dr. Jian Meng, et al.,

    Defendants.

Case No. 1:19-cv-00054

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon Defendants'—Dr. Jian Meng ("Meng") and Beijing Medical Scientific Co. Ltd ("Med-Zenith")—Motion for Clarification and Reconsideration of the Court's Ruling on their Motion to Dismiss for *Forum Non Conveniens*. (Doc. 47).

**I.  Background**

The Court denied Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Under *Forum Non Conveniens*. (Doc. 44). In particular, the Court denied Defendants' request for dismissal under the doctrine of *forum non conveniens*, as it found that Defendants failed to establish that the People's Republic of China ("PRC") was an available, adequate alternative forum for this matter. *Id.* In their Motion for Reconsideration, Defendants concede their failure to demonstrate the availability of an adequate alternative forum and appear to suggest that the Court should have assumed their willingness to agree to both service of process in China and the jurisdiction of a Chinese court. (Doc. 47). Pursuant to Federal Rule of Civil Procedure 54(b), Defendants now "wish to clarify the record that indeed they agree to service of process in China under

PRC laws and will submit to the jurisdiction of a Chinese Court with respect to the allegations set forth in the Complaint." *Id.*

## II. Analysis

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, "district courts have authority under both common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case prior to the entry of final judgment." *Durham v. Sheets*, No. 1:13-CV-226, 2015 WL 2194755, at *2 (S.D. Ohio May 11, 2015) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Under Rule 54:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). However, "courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Durham*, 2015 WL 2194755, at *2 (citing *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)).

In their Motion to Dismiss, and supporting documents filed with that Motion, Defendants provided no evidence, *e.g.*, a declaration of Defendant Meng or of a representative from Defendant Med-Zenith or statement from counsel, indicating that Defendants agree to service of process in China or would submit to the jurisdiction of a Chinese court. (Doc. 44); *see e.g.*, *Zheng v. Soufun Holdings, Ltd.*, No. 1:15-CV-1690, 2016 WL 1626951, at *3 (N.D. Ohio Apr. 25, 2016), *aff'd sub nom. Xiaoguang Zheng v.*

2

*Soufun Holdings Ltd.*, No. 16-3940, 2017 WL 3708628 (6th Cir. May 18, 2017); *Hefferan v. Ethicon Endo-Surgery, Inc.*, No. 1:14-CV-911, 2015 WL 2169689, at *3 (S.D. Ohio May 8, 2015), *aff'd*, 828 F.3d 488 (6th Cir. 2016).

Now, after obtaining an adverse decision, Defendants, through counsel's statements, clarify that they agree to service of process in China and will submit to the jurisdiction of a Chinese court regarding the allegations in Plaintiff's Complaint. (Doc. 47). Defendants' attempt to establish their amenability to process and submission to the jurisdiction of a Chinese court is untimely, unpersuasive, and insufficient to warrant reconsideration under Rule 54(b). Namely, to the extent Defendants characterize their clarification as "new evidence," the Court disagrees. Defendants did not, after the Court's Order, discover new evidence that they are amenable to service in China. Defendants could have demonstrated as such in their prior filings related to their request for dismissal yet failed to do so. Accordingly, the Court will deny Defendants' current Motion. *Cf. Nat'l Hockey League Players' Ass'n v. Plymouth Whalers Hockey Club*, 325 F.3d 712, 716 (6th Cir. 2003) ("[T]he decision of whether to dismiss a case under the doctrine of *forum non conveniens* rests within the sound discretion of the trial court, and the denial of such a motion is not an appealable interlocutory order under 28 U.S.C. § 1292.") (citing *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988)).

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion for Clarification and Reconsideration (Doc. 47) is **DENIED**.

**IT IS SO ORDERED.**              _s/ Michael R. Barrett_____
                                    Michael R. Barrett, Judge
                                    United States District Court