**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

AtriCure, Inc.,

    Plaintiff,

v.

Dr. Jian Meng, et al.,

    Defendants.

Case No. 1:19-cv-00054

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon Defendants'—Dr. Jian Meng ("Meng") and Beijing Medical Scientific Co. Ltd ("Med-Zenith")—Motion for an Immediate Stay of All Proceedings Pending Appeal to the U.S. Court of Appeals for the Sixth Circuit.[1] (Doc. 54). Plaintiff filed a Response in Opposition (Doc. 55) and Defendants filed a Reply (Doc. 56).

### I. Background

In an October 8, 2019 Order, the Court denied Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Under *Forum Non Conveniens*. (Doc. 44). On October 21, 2019, the Court denied Defendants' Motion to Reconsider its ruling on their Motion to Dismiss Under *Foru m Non Conveniens*. (Doc. 49). In an October 25, 2019 Order, the Court denied Defendants' Motion for an Immediate Stay of all Judicial Proceedings Pending International Arbitration. (Doc. 52). The Court found that, although Defendants did not waive their right to assert a motion compel arbitration under the Distribution Agreement between Plaintiff and ZenoMed, neither a mandatory stay under

---

[1] Although Defendants request oral argument in the caption of their Motion, they do not state the grounds for that request. (Doc. 54); *see* S.D. Ohio Civ. R. 7.1(b)(2). Oral argument is not essential to the fair resolution of this matter and Defendants' request is DENIED. *See id.*

Section 3 of the Federal Arbitration Act nor discretionary stay pursuant to this Court's inherent powers was required or necessary. *Id.* Defendants filed a Notice of Appeal to the Sixth Circuit (Doc. 53) and a Motion for an Immediate Stay of All Proceeding Pending Appeal (Doc. 54).

Defendants' Motion to Stay and Plaintiff's Motion for a Preliminary Injunction (Doc. 34), filed in June 2019, remain pending before this Court. In an October 23, 2019 telephone status conference, the undersigned instructed the parties to hold November 21, 2019 and November 22, 2019 and November 25, 2019 and November 26, 2019 as the dates for the two-day hearing on Plaintiff's Motion for a Preliminary Injunction.

## II. **Analysis**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (emphasis added). "This transfer of power, however, does not effect a total divestiture of jurisdiction from the district court: it retains jurisdiction to enforce its judgment, to proceed with matters that will aid the appellate process, and to adjudicate matters unrelated to the issues on appeal." *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013) (internal citations omitted). "The preliminary injunction [ ] is one of those 'other issues' over which the trial court retains jurisdiction." *Id.* (citing *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528-29 (6th Cir. 1992)).

The Circuit courts are split on the question of whether an appeal of a denial of a motion to compel arbitration automatically divests the district court of jurisdiction over all further proceedings in a matter. *See e.g., Weingarten Realty Inv'rs v. Miller*, 661 F.3d

904, 907 (5th Cir. 2011); *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011). The Second, Fifth, and Ninth Circuits have held that the filing of a notice of appeal does not automatically stay proceedings in the district court. *Weingarten Realty Inv'rs*, 661 F.3d at 907. In contrast, the Third, Fourth, Seventh, Tenth, and Eleventh Circuits have held that a stay is automatic and divests the district court of jurisdiction. *Id.*; *Levin*, 634 F.3d at 263. The Sixth Circuit has not reached the issue. *Tillman v. Macy's, Inc.*, 735 F.3d 453, 462 (6th Cir. 2013).

This matter is not automatically stayed, as the Sixth Circuit has not adopted the position that, following the filing of a notice of appeal, a stay is automatic and the district court is divested of jurisdiction, *See id.*; *Tillman v. Macy's Inc.*, No. 11-10994, 2012 WL 12737, at *2 (E.D. Mich. Jan. 4, 2012). Rather, "this Court retains the discretion to determine, on a case-by-case basis, whether the proceedings in this action should be stayed pending the appeal." *Id.*

"To determine whether a discretionary stay should be granted, the Court should consider the following four factors: 1) whether the stay applicant has made a strong showing on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and 4) whether public interest favors a stay." *Id.* (citing *Weingarten Realty Inv'rs*, 661 F.3d at 910). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) As the Court has explained:

> Plaintiff has filed a Motion for Preliminary Injunction against Defendants, as Plaintiff alleges that Defendants' production and sale of the allegedly

3

dangerous and counterfeit medical devices must be stopped. (Doc. 34). Plaintiff alleges that "[e]ach passing day results in further irreparable harm to AtriCure's profits and reputation as well as potentially harming unsuspecting patients through the use of unapproved and untested dangerous devices for open-heart surgery, none of which is at issue in the [China International Economic and Trade Arbitration Commission ("CIETAC"] Arbitration." (Doc. 48 at PageID 1260). The Court is persuaded by Plaintiff's distinction of the matters involved in each forum and Plaintiff's argument that the interests is seeks to protect in this lawsuit "can only be protected here, and cannot be protected in the CIETAC Arbitration against a different party not producing the counterfeits for contractually based claims." *Id.* at 1261.

(Doc. 52). Based on the facts of this case, and balancing the above factors, the Court finds that a complete stay in this matter is not appropriate in light of the prejudice Plaintiff could suffer if a stay is granted. The Court intends to proceed with the hearing on Plaintiff's Motion for a Preliminary Injunction.[2] However, following the Court's resolution of that Motion, the Court will stay the remainder of this matter for the Sixth Circuit's determination on arbitrability.

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion for an Immediate Stay of All Proceedings Pending Appeal (Doc. 54) is **DENIED IN PART and GRANTED IN PART**. The Court will proceed with a hearing and determination on Plaintiff's Motion for a Preliminary Injunction (Doc. 34); thereafter, the Court will stay the remainder of this matter pending the Sixth Circuit's determination on arbitrability.

**IT IS SO ORDERED.**                        _s/ Michael R. Barrett_____
                                                                          Michael R. Barrett, Judge
                                                                          United States District Court

---

[2] To the extent that Defendants assert they will be forced to duplicate efforts defending this case, particularly during the preliminary injunction hearing (Doc. 54 at PageID 1327-28); (Doc. 56 at PageID 1362), it appears that the CIETAC panel has yet to determine the third arbitrator, receive approval, or proceed to the merits (Doc. 51 at PageID 1303-04). Accordingly, even assuming that the CIETAC panel has the authority to provide the injunctive relief Plaintiff seeks here and the CIETAC arbitration is the proper forum, the evidence produced for the preliminary injunction hearing before this Court would presumably be useful to the finalized CIETAC panel which has yet to decide Plaintiff's request for injunctive relief.