UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AtriCure, Inc., | : |
| Plaintiff, | : Case No. 1:19-cv-00054 |
| vs. | : Judge Michael R. Barrett |
| Dr. Jian Meng, et al., | : |
| Defendants. | : |

**ORDER & OPINION**

The matter is before the Court on Plaintiff AtriCure, Inc.'s Motion for Permission to serve Defendants Dr. Guanglu Bai, Beijing ZenoMed Science and Technology Co., Ltd. ("ZenoMed"), and Beijing Since Medical Scientific Co. Ltd. ("BSMS") via e-mail.[1] (Doc. 163). As these Defendants have neither appeared in the matter nor been served, no response in opposition has been filed.

**I. BACKGROUND**

On January 22, 2019, Plaintiff filed its initial Complaint against three Defendants: Dr. Bai, Dr. Jian Meng, and Beijing Medical Scientific Co. Ltd., d/b/a/ Med-Zenith ("Med Zenith"). (Doc. 1). On January 31, 2019, Plaintiff served Defendants Meng and Med Zenith. (Doc. 4); (Doc. 5).

Nearly three years later, in November 2021 and January 2022, Plaintiff attempted to serve Defendant Bai at different addresses, each time by submitting certified packets containing the Summonses and initial Complaint to the Chinese Central Authority in

---

[1] Plaintiff's motion briefly mentions the alternative method of service on U.S. counsel (Doc. 163 PageID 3668), but does not analyze this method further, and the Court will not address the method of service.

accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *See* (Doc. 163 PageID 3666). On September 14, 2022, Plaintiff received notice that service of the initial Complaint on Defendant Bai failed. *See* (Doc. 163 PageID 3666).

Also in January 2022, Plaintiff filed its First Amended Complaint against 11 Defendants, including Defendant Bai and newly-added Defendants ZenoMed and BSMS. (Doc. 108). As of September 2022, Plaintiff served eight of the 11 Defendants and has not served Defendants Bai, ZenoMed, and BSMS. *See* (Doc. 163 PageID 3665-66).

Plaintiff asserts that Defendants Bai, ZenoMed, and BSMS are each located in the People's Republic of China ("PRC"). (*Id.* PageID 3665). Plaintiff further asserts that these three unserved Defendants are inextricably linked with the eight served Defendants such that the unserved Defendants already possess actual knowledge of their status as named Defendants in the above action. (*Id.* PageID 3667-68).

Plaintiff explains that, on June 29, 2022, it submitted certified packets containing the respective Summonses and First Amended Complaint for Defendants Bai, ZenoMed, and BSMS to the Chinese Central Authority. (*Id.* PageID 3667). Plaintiff further explains that, on July 13, 2022, the Chinese Central Authority accepted the certified packets. (*Id.*) Plaintiff contends that the Chinese Central Authority is backlogged and will be unable to complete service upon these three Defendants for at least one year. (*Id.*)

In the motion currently before the Court, Plaintiff asserts that it has exhausted its service options as to Defendants Bai, ZenoMed, and BSMS and further delay will imperil the progress of litigation by risking service long after either the close of discovery or resolution of the case. (*Id.* PageID 3367-68). Plaintiff asks the Court for permission to

2

serve these three Defendants via email under Federal Rule of Civil Procedure 4(f) ("Rules"). (*Id.*)

## II. ANALYSIS

Rule 4 governs process and service of process. Rule 4(f) specifically governs service on an individual in a foreign country, and provides three methods to so serve: (1) by any internationally agreed means that is reasonably calculated to give notice, such as the Hague Convention; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, then by a method that is reasonably calculated to give notice; and (3) by other means not prohibited by international agreement and as the court orders. FED. R. CIV. P. 4(f). Rule 4(h)(2) specifically governs international service on foreign businesses, and authorizes such service in any manner prescribed by Rule 4(f) except personal delivery. FED. R. CIV. P. 4(h)(2).[2]

The United States and the PRC are both signatories to the Hague Convention. *Noco Co.*, 571 F. Supp. 3d at 867. "The Hague Convention is a multilateral treaty designed to supply a simple way to serve process abroad, assure that foreign defendants receive actual and timely notice of suit, and facilitate proof of service." *Id.* (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)). "The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries." *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 698.

---

[2] Rule 4(m), and its 90-day time limit for service, by its plan language, does not apply to service in a foreign country under Rule 4(f) or 4(h)(2). FED. R. CIV. P. 4(m).

3

"Article 1 of the Convention defines its scope: 'The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.'" *Noco Co.*, 571 F. Supp. 3d at 867 (citing Nov. 15, 1965, 20 U.S.T. 362, T.I.A.S. 6638)). "[T]his 'language is mandatory' and [] compliance with the Hague Convention is required 'in all cases in which it applies.'" *Id.* (quoting *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 699)). "Article 10 also establishes alternative, less formal service methods, such as direct service by 'postal channels.' *Id.* (citing 20 U.S.T. 363-64). The PRC has objected to service by postal channels. *Id.* As a result, for service in the PRC, the Hague Convention primarily authorizes service through the PRC's "central authority—the Ministry of Justice—that arranges for service according to domestic law." *Id.*

Additionally, and although the Court has previously held that there is not a hierarchy among Rule 4(f)'s three subsections and thus courts are "free to permit substitute service under Rule 4(f)(3) without considering Rules 4(f)(1) and 4(f)(2)," the Court acknowledges that other courts consider Rule 4(f)(3) to be a "safety valve for unanticipated situations" and thus hesitate to use Rule 4(f)(3) without first considering Rules 4(f)(1) and 4(f)(2). *Compare Lexmark Int'l Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 260 (S.D. Ohio 2013), *with AmaTech Grp. Ltd. v. Fed. Card Servs., LLC*, No. 1:21-CV-00406, 2021 WL 3674821, at *1-2 (S.D. Ohio Aug. 19, 2021). Additionally, and even accepting that Rule 4 does not express a preference for service under a particular Rule 4(f) subsection, "the Advisory Committee Notes to Rule 4 recognize the mandatory nature of using the methods of service contained in the Hague Convention

4

when it applies." *Noco Co. v. CF Grp. SZKMS Co.*, 571 F. Supp. 3d 862, 867 (N.D. Ohio 2021). In particular, that Note provide:

> Paragraph (1) [of Rule 4(f)] gives effect to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, which entered into force for the United States on February 10, 1969. See 28 U.S.C.A., Fed. R. Civ. P. 4 (Supp. 1986). This Convention is an important means of dealing with problems of service in a foreign country. See generally 1 B. Ristau, International Judicial Assistance §§ 4-1-1 to 4-5-2 (1990). **Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.** See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694 (1988) (noting that voluntary use of these procedures may be desirable even when service could constitutionally be effected in another manner); J. Weis, The Federal Rules and the Hague Conventions: Concerns of Conformity and Comity, 50 U. Pitt. L. Rev. 903 (1989). Therefore, this paragraph provides that, when service is to be effected outside a judicial district of the United States, the methods of service appropriate under an applicable treaty shall be employed if available and if the treaty so requires.
>
> . . .
>
> The Hague Convention does not specify a time within which a foreign country's Central Authority must effect service, but **Article 15 does provide that alternate methods may be used if a Central Authority does not respond within six months.** Generally, a Central Authority can be expected to respond much more quickly than that limit might permit, but there have been occasions when the signatory state was dilatory or refused to cooperate for substantive reasons. In such cases, resort may be had to the provision set forth in subdivision (f)(3).

FED. R. CIV. P. 4 advisory committee's note to 1993 amendments (emphases added).

"Accordingly, under Rule 4, if the Hague Convention applies, a party must first attempt service by the means designated in the Convention." *Noco Co.*, 571 F. Supp. 3d at 868. "If the Hague Service Convention applies, and use of its procedures is mandatory, a court may authorize alternative service under Rule 4(f)(3) only in special circumstances, such as if the foreign nation refuses to serve a complaint or fails to serve it within six months." *Id.* (citing FED. R. CIV. P. 4 advisory committee's note to 1993 amendments). "If

5

the Hague Service Convention does not apply, and use of its procedures is not mandatory, a court may authorize service under Rule 4(f)(3) by any means not prohibited by international agreement, as long as the method comports with due process." *Id.*

"The task of determining when the particularities and necessities of a given case require alternate service of process is 'placed squarely within the sound discretion of the district court.'" *Id.* (quoting *Federal Trade Comm'n v. Repair All PC*, No. 1:17 CV 869, 2017 WL 2362946, at *3 (N.D. Ohio May 31, 2017)). "Before exercising its discretion under Rule 4(f)(3), a court may require parties to show that they have 'reasonably attempted to effectuate service on the defendant, and that the circumstances are such that the district court's intervention is necessary.'" *Id.* (quoting *Federal Trade Comm'n*, 2017 WL 2362946, at *3). "Further, even if the Hague Convention does not apply and 'other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant.'" *Id.* (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)).

Plaintiff appears to concede that the Hague Service Convention applies to service on these three Defendants. *See, e.g.*, (Doc. 163 PageID 3667) ("Quite to the contrary, AtriCure has made extensive efforts to serve them through the Hague Convention."). Accordingly, use of the Hague Convention's procedures is mandatory, and the Court may authorize alternative service against these three Defendants under Rule 4(f)(3) only in special circumstances, *e.g.*, if the PRC refuses to serve the First Amended Complaint or

6

fails to serve the packets within six months.[3] *See Noco Co.*, 571 F. Supp. 3d at 868; *see also* Fed. R. Civ. P. 4 advisory committee's note to 1993 amendments. Plaintiff submitted the service packets to the Chinese Central Authority on June 29, 2022 and that central authority accepted the packets on July 13, 2022. (Doc. 163 PageID 3667). Six months has not passed, calculating from either date, and Plaintiff has not demonstrated either that an exception to the Hague Convention applies or a special circumstance exists. In light of the Court's holding that compliance with the Hague Convention is mandatory in this matter, the Court finds Plaintiff's current motion to be premature. The Court will, accordingly, deny Plaintiff's motion without prejudice subject to refiling.[4]

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Permission to Serve Foreign Defendants Through Alternative Means Pursuant to Fed. R. Civ. P. 4(f)(3) (Doc. 163) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

    /s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court

---

[3] Plaintiff does not argue that any of the three unserved Defendants' physical addresses are unknown. *See Noco Co.*, 571 F. Supp. 3d at 871.

[4] The Court thus need not discuss whether any proposed method of service complies with due process or whether the Court should utilize its discretion to permit service on these three Defendants via email. *See Noco Co.*, 571 F. Supp. 3d at 868, 870; *Lexmark Int'l Inc.*, 295 F.R.D. at 261; *cf. In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) ("We have concerns about the district court's invocation of alternative means of service under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity.").